# In the United States Bankruptcy Court for the District of Maryland
## Baltimore Division

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**MCSi, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names):<br>**See attached Schedule 1** | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**31-1001529** | Soc. Sec./Tax I.D. No. (if more than one, state all) |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**4751 Hempstead Station Drive**<br>**Dayton, OH 45429** | Street Address of Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business:<br>**Baltimore City, MD** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**300 East Lombard Street**<br>**Baltimore, MD 21202** | Mailing Address of Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

## Information Regarding the Debtor (Check Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

### Type of Debtor (Check all boxes that apply)
- ☐ Individual(s)
- ☒ Corporation
- ☐ Partnership
- ☐ Other _____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank

### Nature of Debts (Check one box)
- ☐ Consumer/Non-Business
- ☒ Business

### Chapter 11 Small Business (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e)(Optional)

### Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- ☐ Chapter 7      ☒ Chapter 11      ☐ Chapter 13
- ☐ Chapter 9      ☐ Chapter 12
- ☐ Sec. 304 - Case ancillary to foreign proceeding

### Filing Fee (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay the fee except in installments. Rule 1006(b). See Official Form No. 3.

## Statistical/Administrative Information (Estimates only)
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**This Space For Court Use Only**

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $10 million | $10,0001,001 to $50 million | $50,000,0001 to $100 million | More than $100 Million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Liabilities | | | | | | |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $10 million | $10,0001,001 to $50 million | $50,000,0001 to $100 million | More than $100 Million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>MCSi, Inc. |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (if more than one, attach additional sheet)

| Location<br>Where Filed | Case Number | Date Filed |
|---|---|---|

### Pending Bankruptcy Case Filed by an Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: See attached Schedule 2 | Case Number: Filed Contemporaneously | Date Filed: Filed Contemporaneously |
|---|---|---|
| District: District of Maryland, Baltimore Division | Relationship: Affiliates | Judge: Not yet assigned |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition

Not Applicable
Signature of Debtor
Not Applicable
_____
Signature of Joint Debtor
Telephone Number (If not represented by attorney)

**Signature of Attorney**

X _/s/ Paul M. Nussbaum_

Signature of Attorney for Debtor(s)

Paul M. Nussbaum — Bar No. 04394
Martin T. Fletcher — Bar No. 07608
Printed Name of Attorney for Debtor(s) — Bar ID Number

Whiteford, Taylor & Preston, L.L.P.
Firm Name

Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202
Address

(410) 347-8700
Telephone Number

June 2, 2003
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ D. Gordon Strickland_
Signature of Authorized Individual

D. Gordon Strickland
Printed Name of Authorized Individual
President and Chief Executive Officer of MCSi, Inc.
June 2, 2003
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (E.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☒ Exhibit A is attached and made a part of this petition

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter

_____   _____
Signature of Attorney for Debtor      Date

**Exhibit C**

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Not Applicable_____

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person
Not Applicable

_____
Signature of Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110, 18 U.S.C. § 156.

## **SCHEDULE 1**

| Entity | Taxpayer I.D. Number |
|---|---|
| MCSi, Inc. | 31-1001529 |
| Diversified Data Products, Inc. | 38-2834713 |
| Fairview-AFX, Inc. | 73-1580691 |
| Consolidated Media Systems, Inc. | 62-1752490 |
| AV Associates, Inc. | 52-2277916 |
| Technical Industries, Inc. | 31-1662565 |
| MCSI Purchasing L.L.C. | 52-2272767 |
| Midwest Visual Equipment Co., Inc. | 36-4376502 |
| MCSC Wisconsin Acquisition Corporation | 39-1981271 |
| MCSC Midwest Acquisition Corporation | 36-4376502 |
| Agoura Hills Corporation | 52-2277098 |
| MCSC Oregon Acquisition Corporation | 91-1835694 |
| MCSC Fremont Acquisition Corporation | 94-3290085 |
| MCSC New Hampshire Acquisition Corporation | 02-0494741 |
| MCSC Texas Acquisition Corporation | 76-0555187 |
| MCSC California Acquisition Corporation | 94-3290877 |
| MCSC Cougar Acquisition Corporation | 91-1911630 |
| MCSC Bulldog Acquisition Corporation | 58-2375468 |
| MCSC Buckeye Acquisition Corporation | 31-1627702 |
| MCSC Florida Acquisition Corporation | 65-0901152 |
| MCSC Harding Acquisition Corporation | 31-1669526 |
| MCSC Alabama Acquisition Corporation | 63-1237742 |
| Zengine | 31-1638932 |
| MCSC Georgia Acquisition Corporation | 97-1420326 |
| Optical Express Computer Supplies, Inc. | 41-1722626 |
| MCSC Illinois Acquisition Corporation | 36-3033111 |
| MCSC Westek Acquisition Corporation | 33-0922432 |
| Westlake Acquisition Corporation | 52-2277097 |
| MCSI-IG-PV, Inc. | 52-2277099 |
| Axidata | N/A Canadian Corporation |
| Duo-Com | N/A Canadian Corporation |

## SCHEDULE 2
## TO VOLUNTARY PETITION

## RELATED ENTITIES WITH CASES FILED CONTEMPORANEOUSLY IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:
MCSi, Inc.
Diversified Data Products, Inc.
Consolidated Media Systems, Inc.;
Fairview-AFX, Inc.;
Audio Visual Associates, Inc.;
Midwest Visual Equipment Co., Inc.;
Technical Industries, Inc. and
MCSi Purchasing LLC.

# EXHIBIT "A"

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | |
| MCSi, Inc. | * | Case No. (Chapter 11) |
| Debtor. | * | |
| * * * * * * * * | * | Jointly Administered |

### SECURITIES AND EXCHANGE COMMISSION
### INFORMATION SHEET

1. The Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934. The SEC file number is **0-21561**.

2. The following financial data is the latest available information and refers to the debtor's condition on **March 31, 2003.**

   a) Total assets: **$181,058,000.00**

   b) Total debts (including debts listed in 2.c., below) **$155,590,000.00**

   |  |  | Approximate Number of Holders |
   |---|---|---|

   c) Debt securities held by more than 500 holders: **Not Applicable**

   secured/ /   unsecured/ /   subordinated/ /   $ _____   _____

   secured/ /   unsecured/ /   subordinated/ /   $ _____   _____

   secured/ /   unsecured/ /   subordinated/ /   $ _____   _____

   d) Number of shares of preferred stock: **Not Applicable**   _____   _____

   e) Number of shares of common stock   **25, 051, 548.00**   **3,000**

   Comments, if any: **As of November 12, 2002**

3. Brief description of Debtor's business: **Provider of Audio/Visual products and systems integration services.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the Debtor: **See Exhibit 1.**

# **EXHIBIT 1 to EXHIBIT "A"**

1. Dimensional Fund Advisors Inc. (per Schedule 13G filed February 10, 2003)
2. Fuller & Thaler Asset Management, Inc. (per Schedule 13G filed February 13, 2003)
3. DePrince, Race & Zollo, Inc. (per Schedule 13G filed February 10, 2003)
4. FMR Corp. (per Schedule 13G filed February 13, 2003)
5. Harris Associates L.P. (per Schedule 13G filed February 14, 2003)
6. Steel Partners II, L.P. (per Schedule 13D filed February 26, 2003)

*1490019*

Form B1, Exhibit C
(9/01)

Exhibit "C"

[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| **In re:** | * | |
| **MCSi, Inc.** | * | Case No.<br>(Chapter 11) |
| **Debtor.** | * | |
| | | Jointly Administered |

* * * * * * * * * * * * * *

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary): None

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary): N/A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| MCSI, INC., | ) | Case No. 03-____ (____) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE RESOLUTION

D. Gordon Strickland, being the President and Chief Executive Officer of MCSi, Inc., a corporation organized under the laws of the State of Maryland (the "Corporation"), does hereby certify that the resolutions attached hereto as Exhibit A were unanimously adopted by all those directors entitled to vote thereon.

**IN WITNESS WHEREOF**, I have signed this certificate and affixed the corporate seal thereto by Order of the Board of Directors on June 2, 2003.

MCSI, INC.

By: _____

D. Gordon Strickland
President and Chief Executive Officer

## EXHIBIT A TO CORPORATE RESOLUTION

## RESOLUTION OF ACTION OF DIRECTORS
## OF
## MCSI, INC.

**RESOLVED**, that in the judgment of the Board of Directors it is desirable and in the best interest of the Corporation, its creditors and stockholders that the Corporation file a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is further

**RESOLVED**, that the filing by the Corporation of a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") be, and it hereby is, authorized and approved; and it is further

**RESOLVED**, that the President, the Chief Executive Officer, the Chief Financial Officer or the Secretary of the Corporation be, and each of them hereby is, authorized and empowered, in the name of the Corporation, to execute and verify a petition for relief under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the Bankruptcy Court at such time as the officer executing said petition on behalf of the Corporation shall determine; and it is further

**RESOLVED**, that the President, the Chief Executive Officer, the Chief Financial Officer or the Secretary of the Corporation, and such other officers as they shall from time to time designate (each a "Proper Officer") be, and each of them hereby is, authorized to execute and file on behalf of the Corporation all petitions, schedules, lists, documents, pleadings and other papers and to take any and all action that they may deem necessary or proper in connection with the chapter 11 case of the Corporation; and it is further

**RESOLVED**, that each Proper Officer be, and each of them hereby is, authorized and directed to retain the law firm of Whiteford, Taylor & Preston, L.L.P. to render legal services to and to represent the Corporation in connection with such chapter 11 case and other related matters in connection therewith, upon such terms and conditions as such officers shall approve; and it is further

**RESOLVED**, that each Proper Officer be, and each of them hereby is, authorized and directed to retain the law firm of Willkie Farr & Gallagher as special corporate and securities counsel, and other related matters in connection therewith, upon such terms and conditions as such officers shall approve; and it is further

**RESOLVED**, that each Proper Officer be, and each of them hereby is, authorized and directed to retain Conway MacKenzie & Dunleavy to act as financial advisors to the Corporation in connection with such chapter 11 case and other related matters in connection therewith, and upon such terms and conditions as such officers shall approve; and it is further

**RESOLVED,** that each Proper Officer be, and each of them hereby is, authorized to retain such other professionals as they deem necessary and appropriate to represent, assist or consult with the Corporation during the chapter 11 case; and it is further

**RESOLVED,** that each Proper Officer be, and each of them hereby is, authorized to obtain any Debtor in Possession or cash collateral financing for the Corporation in such amount as they deem appropriate, on such terms and with such collateral as they find to be reasonable and necessary, with all such loans being subject to the approval of the Bankruptcy Court; and it is further

**RESOLVED,** that each Proper Officer be, and each of them hereby is, authorized and directed to take any and all further actions and to execute and deliver on behalf of the Corporation any and all further instruments and documents and pay all expenses (subject to Bankruptcy Court approval, where necessary), in each case as in their judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein; and it is further

**RESOLVED,** that all acts lawfully done or actions lawfully taken by any and each Proper Officer, which are necessary to effectuate the intent of the resolutions adopted herein, are hereby in all respects ratified, confirmed, and approved.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                      *

MCSi, Inc.,                                 *       Case No: 0-
                                                    (Chapter 11)
                    Debtor.                 *

* * * * * * * * * * * *

Form 4.

## CONSOLIDATED LIST OF CREDITORS HOLDING

## THE 30 LARGEST UNSECURED CLAIMS

The following is the consolidated list of creditors for the debtors in MCSi, Inc. et al. (the "Debtors") holding the 30 largest unsecured claims.[1] The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

| 0 | Name of creditor and complete mailing address including zip code | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 1. | Sharp Electronics Corporation<br>Sharp Plaza<br>PO Box 650<br>Mahwah, NJ 07430 | Trade debt | | 1,878,115.26 |
| 2. | Hitachi America Limited<br>2000 Sierra Point Parkway<br>Brisbane, CA 94005-1835 | Trade debt | | 1,694,704.44 |

---

[1] This list was filed in this Court with the chapter 11 petitions of MCSi, Inc., et al, and indicates what the Debtors believe to be their 30 largest unsecured creditors on a consolidated basis as of the Petition Date. As data on claim amounts may change daily, the claim amounts given are merely indicative of what the Debtors' records reflect when this list was prepared. The Debtors reserve the right to revise this list at any time.

[2] The Debtors have not completed their review of which claims are contingent, unliquidated, disputed or subject to setoff. Accordingly, the Debtors reserve the right to so designate these and any other claims as they complete their review. The failure to so designate a claim in this document is not intended as an admission or other verification with respect to the contingent, unliquidated, disputed or subject to setoff nature of said claims.

| | | | | |
|---|---|---|---|---|
| 3. | NEC Solutions America<br>Visual Systems Division<br>15 Business Park Way<br>Sacramento, CA  95828 | Trade debt | | 1,378,331.68 |
| 4. | SGI<br>3440 Preston Ridge Rd<br>Minneapolis, MN  55485 | Trade debt | | 959,865.80 |
| 5. | Synelec USA<br>100 W. Forest Avenue, Unit E<br>Englewood, NJ 07631 | Trade debt | | 815,136.94 |
| 6. | Smart Technologies, Inc.<br>1655 North Fort Myer Drive, # 1120<br>Arlington, VA  22209 | Trade debt | | 652,599.20 |
| 7. | Sanyo Fisher Company<br>21605 Plummer Street<br>Chatsworth, CA 91311 | Trade debt | | 649,519.97 |
| 8. | Extron Electronics<br>1230 S. Lewis Court<br>Anaheim, CA 92805 | Trade debt | | 637,605.23 |
| 9. | Epson America Inc.<br>  *distribution ctr<br>3840 Kilroy Airport Way<br>Long Beach, CA  90806 | Trade debt | | 604,113.44 |
| 10. | Tandberg LLC<br>1860 Michael Faraday Drive, # 250<br>Reston, VA 20190 | Trade debt | | 533,965.46 |
| 11. | Draper Shade & Screen Co<br>411 S. Pearl Street<br>Spiceland, IN 47385-0425 | Trade debt | | 511,249.15 |
| 12. | Sony Consumer<br>Sony Corporation of America<br>1200 North Arlington Hts. Rd<br>Itasca, IL  60143-3179 | Trade debt | | 486,377.86 |
| 13. | PriceWaterhouse Coopers LLP<br>P. O. Box 75647<br>Chicago, IL  60675-5647 | Trade debt | | 458,851.00 |
| 14. | Microwave Radio Com<br>101 Billerica Ave  Bldg 6<br>N. Billerica, MA  01862 | Trade debt | | 349,174.01 |
| 15. | Crestron Electronics Inc.<br>15 Volvo Drive<br>Rockleigh, NJ 07647 | Trade debt | | 305,697.34 |
| 16. | Elias, Matz, Tiernan & Herrick<br>The Walker Bldg<br>734  15th St., N. W. 12th Floor<br>Washington, D.C.  20005 | Trade debt | | 298,112.37 |

| 17. | Hitachi Data Systems<br>750 Central Expressway<br>P O Box 54996<br>Santa Clara, CA  95056-0996 | Trade debt | | 294,317.17 |
|---|---|---|---|---|
| 18. | Eiki International Inc.<br>30251 Esperanza<br>Rancho Santa Margarita, CA  92688 | Trade debt | | 270,334.52 |
| 19. | Andrews Electronics<br>25158 Ave Stanford<br>Santa Clarita, CA 91355 | Trade debt | | 259,093.07 |
| 20. | AMX<br>3000 Research Drive<br>Richardson, TX  75082 | Trade debt | | 234,410.73 |
| 21. | Triveni Digital<br>40 Washington Rd<br>Princeton, NJ  08550 | Trade debt | | 197,799.50 |
| 22. | Anixter Inc.<br>1854 Shackleford Court<br>Dallas, TX  75284 | Trade debt | | 193,544.21 |
| 23. | Polycom, Inc.<br>4750 Willow Rd<br>Pleasanton, CA  94588 | Trade debt | | 181,169.32 |
| 24. | Da-lite Screen Company<br>3100 North Detroit St.<br>P. O. Box 137<br>Warsaw, IN  46581-0137 | Trade debt | | 166,763.48 |
| 25. | Shure, Inc.<br>222 Hartrey Ave<br>Evanston, IL 60202 | Trade debt | | 130,709.55 |
| 26. | Evertz<br>5288 John Lucas Drive<br>Burlington, Ontario, Canada<br>L7L 5Z9 | Trade debt | | 119,419.85 |
| 27. | Elmo Manufacturing Corp<br>1478 Old Country Road<br>Plainview, NY 11803 | Trade debt | | 119,340.63 |
| 28. | 3M DSPD<br>3M Company<br>Bldg. 223-55-11   (customer service )<br>St. Paul, MN  55144<br>All other issues: 6801 River Place Blvd<br>Austin, TX  78726-9000 | Trade debt | | 116,189.90 |
| 29. | Middle Atlantic<br>5 N. Corporate Drive<br>Riverdale, NJ 07457 | Trade debt | | 111,901.32 |

| 30. | Tektronix, Inc.<br>14150 SW Karl Braun Drive<br>Beaverton, OR 97077 | Trade debt | | 80,189.00 |

## Declaration Under Penalty of Perjury
## on Behalf of a Corporation or Partnership

(The penalty for making a false statement or concealing property is a fine up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. sections 152 and 3571.)

### DECLARATION

The foregoing is a list containing the name and address of the Debtors' 30 largest unsecured creditors on a consolidated basis. This list is being filed pursuant to 11 U.S.C. §521 and Bankruptcy Rules 1007 and 1008. The Debtors reserve the right to file an amended or supplemental list of 30 largest unsecured creditors. This list is accurate to the best of the undersigned's knowledge, information and belief, subject to further review.

This list of creditors is preliminary and not audited. As a result, the Debtors reserve the right to amend and/or supplement this list as the Debtors review and evaluate their business, operations, assets and liabilities. In addition, the Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness and accuracy of the information herein. Nonetheless, the Debtors have endeavored to make the descriptions herein as complete and accurate as possible under the circumstances.

I, D. Gordon Strickland, President and Chief Executive Officer of MCSi, Inc., the lead debtor in the Debtors' cases, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: June 2, 2003

_____
D. Gordon Strickland

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                          *

MCSi, Inc., et al.,             *       Case No: 03-
                                        (Chapter ___)
        Debtors.                *

* * * * * * * * * * * *

Form 4.

## CONSOLIDATED LIST OF CREDITORS

Pursuant to 11 U.S.C. § 521 and Bankruptcy Rules 1007 and 1008, the debtors herein, MCSi, Inc., et al. (the "Debtors") are filing, under separate cover their consolidated List of Creditors in hard copy and by electronic means, which is incorporated herein by reference.

This list of creditors is preliminary and not audited. As a result, the Debtors reserve the right to amend and/or supplement this list as the Debtors review and evaluate their business, operations, assets, and liabilities. In addition, the Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness and accuracy of the information herein. Nonetheless, the Debtors have endeavored to make the descriptions herein as complete and accurate as possible under the circumstances.

## DECLARATION

I, D. Gordon Strickland, President and Chief Executive Officer of MCSi, Inc., the lead debtor in the Debtors' cases, declare under penalty of perjury that I have reviewed the Consolidated List of Creditors, filed separately, and that it is true and correct to the best of my information and belief.

Date: June 2, 2003

_____
D. Gordon Strickland