**SO ORDERED**

**Date signed February 20, 2004**



*James F. Schneider*
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | * |
| **MCSi, INC.,** *et al.* | * Case No.: 03-80169 through |
| | Case No.: 03-80176 |
| **Debtors.** | * Chapter 11 |
| | (Jointly Administered under |
| | * Case No.: 03- 80169) |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER GRANTING DEBTORS' MOTION FOR APPROVAL OF (I) SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS TO AVI SYSTEMS (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES AND (III) RELATED RELIEF
### (Midwest Region)
### [Docket No. 922]

Upon consideration of the Debtors' Motion for Approval of (I) Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Interests to AVI Systems, (II) Assumption and Assignment of Certain Executory Contracts and Leases, and (III) Related Relief (Midwest Region) (the "Sale Motion"), it is therefore, by the United States Bankruptcy Court for the District of Maryland, held that:

A.     This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334;

B.      Proper, timely, adequate and sufficient notice of the Sale Motion has been provided and no other or further notice is required;

C.      The sale of the assets (the "Sale Assets") by the Debtors, MCSi, Inc., et al., (the "Debtors") to Audiovisual, Inc. d/b/a AVI Systems or such other affiliate as AVI may designate ("AVI"), pursuant to the Asset Purchase Agreement by and among AVI Midwest LLC and MCSi, Inc., introduced as an Exhibit at the hearing on the Sale Motion on February 20, 2004, together with such technical amendments as may be agreed to among the Debtors, the Bank Group and AVI (the "Sale Agreement") is in the best interests of the Debtors, their estates and their creditors;

D.      The provisions contained in the Sale Agreement were the result of good faith and arm's length negotiations between the parties to the sale, the Debtors have determined in the best exercise of their sound and reasonable business judgment that the Sale Assets to be sold and the consideration to be realized by the Debtors will be fair and reasonable;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Sale Motion be and it hereby is GRANTED; and it is further

**ORDERED**, that the terms and conditions of the Sale Agreement are approved in all respects and the Debtors be and hereby are authorized to sell the Sale Assets as provided for in the Sale Agreement, free and clear of all liens, security interests, pledges, encumbrances, claims and interests pursuant to 11 U.S.C. § 363(f), with the liens to attach to the proceeds of said sale to the same extent, validity and priority that such lien attached to said assets prior to the sale; and it is further

**ORDERED**, that the Debtors are authorized and empowered to enter into and to deliver, fully perform under, consummate and implement the Sale Agreement; and it is further

**ORDERED**, that if the Debtors and AVI close the sale provided for in the Sale Agreement while an appeal of this Order is pending, such parties shall be entitled to rely upon the protections of 11 U.S.C. § 363(m) absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation; and it is further

**ORDERED,** that upon the sale of the Sale Assets as approved herein, all net proceeds (after deduction of AVI's fees and costs as provided for in paragraphs 3 and 4 of Exhibit 4 to the Sale Agreement) shall be deposited into escrow with PNC Bank, National Association, for the benefit of the Bank Group and the DIP Lender (as defined in the Motion), and all liens on the Sale Assets shall attach to the proceeds of the sale with the same validity, priority and effect; and it is further

**ORDERED**, that the Debtors are authorized to assume and assign any of the Executory Contracts or leases identified in **Exhibit 2** of the Sale Motion subject to payment by the Debtors of the cure amounts set forth in **Exhibit 2** attached to the Sale Motion; and it is further

**ORDERED**, that the Debtors are authorized to pay over to AVI any amounts that are erroneously paid to the Debtors in accordance with the Sale Agreement; and it is further

**ORDERED**, that any Executory Contracts or leases assigned to AVI shall be deemed valid and binding and in full force and effect and enforceable in accordance with their terms and pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved of further liability; and it is further

**ORDERED**, that pursuant to Fed. R. Bankr. P. 6004(g) and 6006(d), the ten (10) day automatic stay of execution of this Order is modified to provide that the Debtors and other parties may immediately execute upon this Order and consummate the transactions reflected in the Sale Agreement and approved by this Order.

cc:     John F. Carlton, Esquire
         Pamela M. Kessler, Esquire
         Whiteford, Taylor & Preston L.L.P.
         Seven Saint Paul Street; Suite 1400
         Baltimore, Maryland  21202

         Office of the U.S. Trustee
         300 West Pratt Street
         Suite 350
         Baltimore, Maryland  21201

         Sam J. Alberts, Esquire
         Akin Gump Strauss Hauer & Feld LLP
         1333 New Hampshire Avenue, N.W.
         Washington, DC  20036

         Ray C. Schrock, Esquire
         Jones Day
         77 West Wacker Drive
         Chicago, Illinois  60601

**END OF ORDER**

*1538310*