**SO ORDERED**

**Date signed June 25, 2004**



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **MCSI, INC.,** *et al.* | * | Case No.: 03-80169 (JS) through |
| | | Case No.: 03-80176 (JS) |
| **Debtors.** | * | Chapter 11 |
| | * | (Jointly Administered under |
| | | Case No.: 03-80169) (JS) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER GRANTING
MOTION OF DEBTORS FOR AN ORDER
AUTHORIZING THE (I) COMPLETION OF WIND DOWN PLAN AND CLOSURE TO
PROCEEDINGS, (II) COMPROMISE OF PENDING LITIGATION WITH
PREPETITION SECURED LENDERS, (III) USE OF CASH COLLATERAL AND
FURTHER DEBTOR-IN-POSSESSION FINANCING, (IV) ESTABLISHMENT OF
ADMINISTRATIVE BAR DATE AND CREATION OF FUND FOR PAYMENT OF
CLAIMS AND  (V) GRANTING OF RELATED RELIEF

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an Order Authorizing the (I) Completion of Wind Down Plan and Closure to Proceedings (II) Compromise of Pending Litigation With Prepetition Secured Lenders, (III) Use of Cash Collateral and Further Debtor-in-Possession Financing, (IV) Establishment of Administrative Bar Date and Creation of Fund for Payment of Claims and (V) Granting Related Relief (the "Motion") filed on April 2, 2004, and the Supplement to the Motion

(the "Supplement") filed by the Debtors on June 2, 2004; proper, timely, adequate and sufficient notice of the Motion and the Supplement having been provided and no other or further notice being required; and after due deliberation, and sufficient cause appearing for granting the relief requested in the Motion and the Supplement, and for the reasons stated therein; it is, by the United States Bankruptcy Court for the District of Maryland,

   **ORDERED**, that except with respect to the proposed assignment by the Debtors to the Prepetition Secured Lenders the proceeds of the Vutex Action, the Motion, as modified by the Supplement is granted; and it is further

   **ORDERED**, that all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and the Supplement; and it is further

   **ORDERED**, that the Debtors and the Official Committee of Unsecured Creditors (the "Committee") are hereby authorized on behalf of their estates to dismiss with prejudice the Complaint to Avoid Certain Transfers and to Recover Property and for Related Relief against the Prepetition Secured Lenders and John Does 1-10, which is pending before the Court as Adversary Proceeding No. 03-08233 (the "Complaint"), and the Prepetition Secured Lenders' claims herein shall be allowed in full, subject only to objection as to proper amount; and it is further

   **ORDERED,** that the Committee, on the one hand, and the Prepetition Lenders and DIP Lenders (collectively, the "Lenders"), on the other hand, hereby resolve all existing disputes and that this Order shall constitute a resolution of all disputes among those parties pursuant to Bankruptcy Rule 9019; and it is further

   **ORDERED,** that the Committee's Motion to Convert is resolved and rendered moot; and it is further

**ORDERED,** that the Lenders' outstanding objections to the payment of fees and expenses of the Committee's professionals are withdrawn and will not be reasserted and such outstanding fees and expenses shall be paid within 10 days from the date of entry of this Order and shall in no event shall such payment constitute a reduction from the "Carve-Out" as that term is defined in the DIP Financing Order; and it is further

**ORDERED,** that the Final Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1), and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362 and 363 (the "DIP Financing Order"), is hereby amended as provided in the separate Order filed with the Motion; and it is further

**ORDERED**, that of the 80% proceeds, after fees, costs and expenses related to such actions ("Net Proceeds") from the Chapter 5 causes of action belonging to the Debtors' estates ('the "Avoidance Actions") received by the Prepetition Secured Lenders and the DIP Lender (the "Lenders' Share"), one-half of said Lenders' Share will be remitted to the Committee or its designee, and is not subject to reduction or offset for the benefit of prepetition non-priority general unsecured creditors (the "Committee's Preference Funds"); and it is further

**ORDERED**, that the Lenders shall remit to the Committee or its designee 10% of the Net Proceeds from (i) the Debtors' claims against former and unreleased officers and directors of the Debtors and their affiliates, and (ii) the Lenders' claims against former and unreleased officers and directors of the Debtors and their affiliates (together, the "Committee's D&O Funds"); to avoid any ambiguity, the net recoveries discussed in this decretal paragraph shall not include any recoveries from actions against PricewaterhouseCoopers; and it is further

**ORDERED**, that the undersecured deficiency claims or any other claims of the Lenders shall not participate in any distribution from the Committee's Preference Funds and/or the Committee's D&O Funds; and it is further

**ORDERED**, that the contingency fee arrangement for Debtors' counsel (Whiteford, Taylor & Preston, LLP) to prosecute the Avoidance Actions is approved and a separate Order will be entered on the Application to approve the contingency fee filed contemporaneously with the Supplement; and it is further

**ORDERED**, that from the contingency fee for Debtors' counsel, equal to 20% of gross recoveries before the commencement of trial on the merits and 30% of gross recoveries following commencement of trial on the merits (plus reimbursement of expenses actually incurred), Debtors' counsel shall remit from their fees to the Prepetition Secured Lenders an amount equal to 3% of the gross recoveries of the Avoidance Actions; and it is further

**ORDERED**, that, if agreed to by the Committee or its representative, the Debtors shall file with the Court, a motion requesting Court approval of a binding arbitration procedure for resolution of disputed claims of prepetition non-priority general unsecured claims, which reserves to the Debtors and the Committee the option, with regard to each claim subject to an objection, to either submit such claim objection to binding arbitration or prosecute said objection before the Court; and it is further

**ORDERED**, that all future funding for the claims objection process will be satisfied by the payment of $60,000 from cash collateral of the Lenders and a contribution of up to $60,000 in time from Debtors counsel at current standard billable rates (the "Claims Process Fund"); any further finding of the claims objection process will be made from the Committee's Preference Funds or the Committee's D&O Funds, at the sole discretion of the Committee or its

4

designee, provided however, that prompt payment to the Committee's professionals is not contingent on any preference recoveries; and it is further

**ORDERED**, that distributions from the Committee's Preference Funds or Committee's D&O Funds shall be made to holders of allowed prepetition unsecured claims at the time or times (with appropriate reserved, if any) as may be determined by the Committee or its designee; and it is further

**ORDERED,** the Debtors are authorized to serve as the administrative distribution agent, upon consultation with and at the direction of the Committee or its designee, for the making of distributions from the Committee's Preference Funds and the Committee's D & O Funds (with all professional fees, costs and expenses associated therewith being funded from the Claims Process Fund, or, if such additional amounts are necessary and authorized by the Committee or its designee, from the Committee's Preference Funds and/or the Committee's D & O Funds); and it is further

**ORDERED**, the Committee's Motion to Convert Jointly Administered Chapter 11 Cases to Chapter 7 Cases, filed on April 5, 2004, is hereby determined to be withdrawn by the Committee with prejudice and the Committee shall file a separate paper acknowledging such withdrawal; and it is further

**ORDERED,** the Committee and its designee shall support all actions of the Debtors and the Lenders, which are consistent with and in furtherance of the liquidation and wind down of the Debtors' estates, and upon the reasonable request of the Debtors and the Lenders, the Committee and its designee shall take such actions that will support their efforts of the Debtors and the Lenders in the liquidation and wind down of the Debtors' estates (provided

5

only that such actions and positions requested of the Committee are consistent with the Committee's fiduciary duties, the Settlement Motion and the Supplement; and it is further

**ORDERED,** that all parties asserting an administrative expense claim pursuant to 11 U.S.C. § 503(b), other than claims of professionals employed under §§ 327 and 1103 of the Bankruptcy Code ("Administrative Claim") against the Debtors' estates, which claim arose prior to April 1, 2004, shall file such claim with the Clerk of the Bankruptcy Court on or before July 31, 2004 (the "Bar Date"); and it is further

**ORDERED,** that any Administrative Claim not filed by the Bar Date shall be discharged and forever barred; and it is further

**ORDERED,** that the Notice of the Bar Date (the "Notice") attached as an exhibit to the Motion is APPROVED; and it is further

**ORDERED,** that the Debtors shall complete service of the Notice, by first class, U.S. Mail, to all parties known to have or have asserted Administrative Claims which are currently unpaid on or before five (5) business days following entry of this Order; and it is further

**ORDERED**, that the priority of administrative expense claims are bifurcated with the effect that (i) administrative expense claims arising after April 1, 2004 that are provided for in the Amended Budget shall be paid currently to the extent of estate funds available and for those in the Amended Budget to be paid from cash collateral and the DIP Financing, and (ii) administrative expense claims that arose prior to April 1, 2004, and which were not for an expense included in the budget attached to the Wind Down Motion or a Carve Out as defined in the DIP Financing Order, shall not be paid currently but shall be subject to future Order of the

Court authorizing a distribution to all such administrative expense claimholders *pro rata*; and it is further

**ORDERED**, that notwithstanding any other provision of this Order, all professional fees and administrative claims incurred by the Debtors' and the Committee's counsel and other professionals and parties which are allowed and awarded by Order of the Court, shall be paid pursuant to the provisions of the DIP Financing Order including the Carve Out provided for in the DIP Financing Order, from cash collateral and previously provided DIP Financing, in full without any deduction against the funds that may be used for the payment of wind down expenses and professional fees under the Amended Budget; and it is further

**ORDERED**, that, the stay of this Order imposed by Bankruptcy Rule 6004(g) is hereby waived; and it is further

**ORDERED**, that, this Court retains jurisdiction over any and all matters or disputes with respect to any of the relief granted in this Order.

**END OF ORDER**


cc:

Paul M. Nussbaum, Esquire
John F. Carlton, Esquire
Whiteford, Taylor & Preston, L.L.P.
7 Saint Paul Street, Suite 1400
Baltimore, Maryland 21202-1626

Sam Alberts, Esquire
White & Case
601 Thirteenth Street, N.W.
Suite 600 South
Washington, D.C.  20005-3807

Office of the U.S. Trustee
300 West Pratt Street, Suite 350
Baltimore, Maryland 21201

Ray C. Schrock, Esquire
Jones Day
77 West Wacker Drive
Chicago, Illinois 60601

1547618v7